IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LA'MAR SMALLS,

                Plaintiff,

    v.

KAITLYN COLE, STEVE FAHRENKRUG,
JASON FOX, JILL CHILDS, FREDERICK FREITAG,
and LAURA SUKOWATY,

                Defendants.[1]

ORDER

24-cv-584-jdp

---

Plaintiff La'mar Smalls, proceeding without counsel, is currently incarcerated at Wisconsin Secure Program Facility. Smalls alleges that when he was at Columbia Correctional Institution, prison officials failed to properly treat his broken hand. I granted him leave to proceed on Eighth Amendment medical care claims. This order concerns Smalls's motions for entry of default and default judgment against defendants Jason Fox and Steven Fahrenkrug. Dkt. 26 and Dkt. 35.

Both Fox and Fahrenkrug are nurses who are not state employees; rather they worked in the prison as contracted employees of private health providers. After the Wisconsin Department of Justice indicated that it would not accept service on behalf of these defendants, the court ordered Smalls to serve them himself. Dkt. 9. Smalls later showed that he is indigent, so the court directed the United States Marshals to serve them. Dkt. 22.

Smalls moves for default judgment against both Fox and Fahrenkrug, stating that neither of them responded to his complaint by their deadline for doing so. Regarding defendant

---

[1] I have amended the caption to reflect the full names of defendants as reflected in the "acceptance of service" document filed by the Wisconsin Department of Justice. Dkt. 7.

Fox, Smalls filed his initial motion for default judgment on November 10, 2025. But Fox had not yet been served with the complaint. The Marshals service form for Fox was returned as unexecuted, Dkt. 24, with the clerk of court reissuing a service form for Fox containing updated address information, Dkt. 25. That updated form was returned as executed, with Fox agreeing to waive service of the summons and indicating that the request was sent on December 1, 2025. That gave Fox a 60-day deadline from December 1 to respond to the complaint. *See* Federal Rule of Civil Procedure 4(d)(3); Dkt. 29. Fox filed an answer before that deadline. Dkt. 32. I will deny Smalls's motion to default Fox.

As for defendant Fahrenkrug, the Marshal service form was returned as executed, with Fahrenkrug agreeing to waive service of the summons and indicating that the request was sent on October 20, 2025. The court did not receive an answer from Fahrenkrug within 60 days. Shortly after Fahrenkrug's deadline ran, Smalls filed a motion to default Fahrenkrug. Dkt. 35. Fahrenkrug responded with a motion for extension of time to file his answer, stating that his counsel mistakenly thought that he had indeed submitted an answer in early December 2025. Dkt. 38. Fahrenkrug attaches his answer to that motion. Dkt. 39-1.

I will deny Smalls's motions to default Fahrenkrug. His first motion was premature. His second motion was not. But the Court of Appeals for the Seventh Circuit has a "well established policy" for "favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 811–12 (7th Cir. 2007). For this reason, a court many enter a default judgment "only when a party willfully disregards pending litigation." *Id.* Fahrenkrug's filings show that he has not willfully disregarded this litigation. And there is no reason to think that Smalls has suffered any prejudice from the short delay.

2

Now that each defendant has responded to the complaint, the clerk of court is directed to set this case for a preliminary pretrial conference with Magistrate Judge Anita Marie Boor.

ORDER

IT IS ORDERED that:

1. Plaintiff La'mar Smalls's motions for default judgment, Dkt. 26 and Dkt. 35, are DENIED.

2. Defendant Fahrenkrug's motion for extension of time, Dkt. 38, is GRANTED.

3. The clerk of court is directed to set a preliminary pretrial conference with Magistrate Judge Boor.

Entered January 13, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge